IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES NERO | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-17-1263 |
| L. J. ODDO, *et al.* | * | |
| Respondents | * | |

***

# MEMORANDUM

Respondents seek dismissal of the above-entitled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on the grounds that it raises claims that have not yet been exhausted before the state courts and it is time-barred. ECF No. 6. Petitioner does not deny that the claims are unexhausted, but asserts that the procedural defects in the petition should be waived based on his claim of actual innocence. ECF No. 9. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition must be dismissed and a certificate of appealability shall not issue.

## I.  Background

### A.  Prior Proceedings

Petitioner James Nero filed a similar petition with this court which was dismissed without prejudice for failure to exhaust state remedies. *See Nero v. Warden*, Civ. Action DKC-16-852 (D. Md. 2016) (hereinafter "*Nero I*"). Nero did not file an appeal of the dismissal. *Id*. In its

Memorandum Opinion and Order dismissing the petition, this court provided the following description of the prior state court proceedings:

> On May 24, 2001, following a jury trial, Petitioner James Nero ("Nero") was convicted in the Circuit Court for Montgomery County of two counts of armed robbery, four counts of first degree assault, four counts of use of a handgun in the commission of a felony or crime of violence, two counts of reckless endangerment, and one count of conspiracy to commit robbery. ECF No. 3 at Ex 2, p. 2; ECF No. 1 at p. 3. On August 1, 2001, the court sentenced Nero to 100 years in prison. ECF No. 3 at Ex. 2, p. 2.
>
> On May 7, 2002, Nero's judgment of conviction was affirmed by the Maryland Court of Special Appeals in an unreported opinion. *Id*. at p. 45. The mandate issued on June 6, 2002. *Id*. at p. 46. Nero did not seek certiorari review in the Court of Appeals. The conviction became final on June 21, 2002, when the time for seeking further review expired. *See* Md. Rule 8-302.
>
> On September 6, 2001, Nero filed a motion for reconsideration of sentence. ECF No. 3 at Ex. 1, p. 30 (state docket entries; docket entry #167). The motion, which was opposed by the state (*see id*. at docket entry #168), was denied by the Circuit Court on October 5, 2001. *Id*. at p. 31 (docket entry #171).
>
> Respondents correctly note that Nero has never filed a petition for post-conviction relief in the state court. Nero did, however, file a request for production of documents on June 21, 2004, together with a motion to waive prepayment of costs. ECF No. 3 at Ex. 1, pp. 31 – 32 (docket entry # 176 and 177). On June 30, 2004, Judge Rupp of the circuit court denied Nero's motion. *Id*. at p. 32 (docket entry #178). On August 30, 2004, following the court's denial, Nero sent a letter to the court (*id*. at docket entry #179) and a response dated September 2, 2004 from Judge Rupp, is noted on the docket. *Id*. (docket entry #180). The response indicates that, "this will be treated as a letter to the court and the letter will not be entertained, defendant's request for production of documents was denied on June 30, 2004." *Id*.

*Nero I* at ECF No. 5, pp. 1 – 2.

With respect to the current petition, respondents note that Nero has not initiated any state court proceedings since his last federal habeas petition was dismissed on August 29, 2016. ECF No. 6 at p. 1, n. 1, *see also* Ex. 1 at p. 32 (state court docket entries indicating docket entry #180 as most recent court activity).

2

B. Claims in this court

Nero argues that the State of Maryland violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights when it withheld trial transcripts from him thereby prohibiting him from collaterally attacking his conviction through post-conviction procedures. ECF No. 1 at p. 4. The court notes that Nero raised this allegation in *Nero I* and this court observed that: "[t]he record here demonstrates that, despite having obtained the transcript six years ago, Nero has not attempted to present his claims of ineffective assistance of counsel to the state circuit court by way of post-conviction proceedings." *Nero I* at ECF No. 5, p. 6.[1]

Nero also asserts that trial counsel was ineffective when he failed to cross-examine the "only uncorroborated testimony against petitioner" given by the cashier from the jewelry store. ECF No. 1 at p. 5. The cashier's testimony was tainted, argues Nero, because the cashier initially testified that he was unsure whether the persons who robbed the store were male or female, but then identified Nero. *Id*. Nero claims this testimony is "tainted" because no other witness stated the same uncertainty, and trial counsel failed to impeach adequately the witness "where exculpatory evidence existed." *Id*.

Nero seems to raise a *Brady*[2] claim related to the cashier's testimony, referencing "[t]hese two major exculpatory issues of Mark Lee and the only uncorroborated induced testimony" and claiming the issue "should be resolved by convening a hearing." *Id*. He concludes that the suppression of exculpatory evidence or the knowing use of perjured testimony violates due process, but provides no further details regarding the alleged *Brady* violation. *Id*. at p. 6.

---

[1] The court noted that Nero had prevailed in a diversity action he filed in this court on April 22, 2010, asserting a claim under Maryland's Public Information Act. *Nero I* at ECF 5, p. 6. In correspondence filed in the context of that case, the Office of the Attorney General's Courts and Judicial Affairs division indicated that the documents Nero was seeking, which related to his state criminal case, would be provided to him at no expense. *See id.*, *see also Nero v. State of Maryland*, Civ. Action DKC-10-1024 (D. Md.).

[2] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Nero also argues that his trial counsel was ineffective for: failing to challenge the sufficiency of the evidence by failing to introduce exculpatory evidence at trial; committing so many cumulative errors that the proceedings did not produce a fair result; failing to protect Nero's Fourth Amendment rights when the attorney failed to argue that the indictment was defective because none of the information contained therein was supported by a statement under oath and no probable cause hearing was conducted in open court; failing to familiarize himself with the case and investigate the facts regarding the identification of Nero as one of the perpetrators; failing to investigate police reports and forensic reports; failing to move to suppress the state's evidence for insufficiency of the evidence; failing to challenge the use of testimony from a District of Columbia Detective regarding use and possession of firearms from another jurisdiction; failing to insure the evidence proved guilt beyond a reasonable doubt; and failing to challenge sentencing enhancement for Armed Career Criminal and Career Criminal where the predicate offense was a conviction obtained by an *Alford* [3] plea. ECF No. 1 at pp. 5 – 9.

Nero further asserts that at trial "he and his counsel were dismissed during the supposed testimony of Mark Lee and not allowed to hear his testimony or lack thereof to the jury." ECF No. 1 at p. 10. He states that "Lee offered testimony then recanted and petitioner never had the opportunity to challenge, refute or correct any of the testimony used to investigate petitioner." *Id*. at p. 11. Nero claims that Lee "previously stated on record that he and another person participated in the robberies Nero was accused of committing." *Id*.

## II. Standard of Review

### A. Exhaustion and Procedural Default

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and

---

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of Maryland criminal offense, this may be accomplished either on direct appeal or in post-conviction proceedings. Respondents argue that Nero's claims are unexhausted because he failed petition the state court for post-conviction relief prior to filing this action.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc., Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc., Code Ann., §12-202. However, if the application is granted but denies relief on the merits, the petitioner must file a petition for writ of certiorari to the Court of Appeals for the claim to be considered exhausted for purposes of federal habeas relief. *Williams v. State*, 292 Md. 201, 210-11 (1981).

Under Maryland's Post-Conviction Act, a post-conviction petition for relief must be filed within 10 years of the date a criminal defendant is sentenced. Md. Crim. Proc., Code Ann. § 7-103(b). To file a petition outside of those time constraints, the petitioner must establish "extraordinary cause" for the delay. *Id*. Nero's conviction is more than ten years old, thus the extraordinary cause standard would apply to any post-conviction petition that he attempts to file now.[4]

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct

---

[4] Nero obtained his transcripts in 2010, but has not yet filed a petition for post-conviction relief. As this court previously observed: "[t]he record here demonstrates that, despite having obtained the transcript six years ago, Nero has not attempted to present his claims of ineffective assistance of counsel to the state circuit court by way of post-conviction proceedings. Whether Nero may now be permitted to file a state post-conviction petition is a matter for the Circuit Court for Montgomery County to determine." *Nero I*, at ECF 5, p. 6.

appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[5] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*,

---

[5] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). A petitioner who claims actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

B. <u>Timeliness</u>

In addition to the exhaustion requirement, Petitions for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. Under 28 U.S.C. § 2244(d):

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitation is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir.2000).

C.    Actual Innocence

In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute bar to relief; the delay, however, is a factor in determining whether actual innocence has been reliably established. *Id*. at 1935-36. The Court also cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928, quoting *Schlup*, 513 U.S. at 329.

Importantly, *Perkins* did not create a new right to habeas review, nor did it change existing law. Rather, *Perkins* clarified the "actual innocence" standard as a gateway to habeas corpus review. "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, (1998) (internal quotation and citation omitted). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 315–17. New evidence includes "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted). The new evidence must be evaluated with any other admissible evidence of guilt, *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir.), *appl.*

*for stay and cert. denied sub. nom. Wilson v. Taylor*, 525 U.S. 1012 (1998), and must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To invoke the actual innocence exception to the procedural default doctrine or to AEDPA's statute of limitations, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

**III.    Analysis**

Nero has never presented anything to the Circuit Court for Montgomery County asserting his entitlement to post-conviction relief so it is impossible to discern whether Nero satisfies Maryland's demanding standard applicable to post-conviction petition filed outside of the ten-year limitation period. *See* Md. Crim. Proc., Code Ann. § 7-103(b) (requiring a showing of "extraordinary cause" for untimely petition for post-conviction relief). Nor can Nero credibly maintain that his struggle to obtain trial transcripts justifies this failure to mount any post-conviction challenge. Nero obtained the transcripts 2010, had has simply not acted with due diligence to file a post-conviction petition with the State court.[6] Where, as here, a petitioner has failed to exhaust a claim before the state courts, and any available procedure for state court review still exists, the claim is not exhausted. *See* 28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. at 161-66.

Nero's claim of actual innocence, asserted to excuse the above-described deficiencies, fares no better. This is because Nero "actual innocence" claim is no more than a thinly veiled challenge to the sufficiency of the underlying criminal indictment (which he claims was not a "true bill") and to his conviction solely because his codefendant was acquitted of conspiracy. ECF No. 9 at p. 1. The balance of his reply reiterates that the sentencing judge denied Nero

---

[6]     Nero's apparent attempt to obtain review of his claims from the Maryland Court of Special Appeals by improperly filing a pleading directly with that court does not change the analysis. *See* ECF 1-2 (March 9, 2017 letter from Clerk of the Court of Special Appeals advising that the court would take no action on Nero's "recent letter").

access to "needed court documents for 10 years and transcripts that he requested numerous times" which foreclosed his opportunity to pursue his claims of ineffective assistance of counsel. *Id*. at pp. 2 – 3. Nor does Nero's actual innocence claim present new evidence or otherwise affirmatively demonstrate his innocence.

Along these lines, Nero's reliance on *Clark v. Clarke*, 648 F.App'x 333 (4th Cir. 2016) is misplaced. In *Clark*, trial counsel had advised Clark to enter an *Alford* plea even though "a mass of exculpatory evidence" demonstrated "that Clark was not guilty of the offenses charged." *Id*. at 334. Supporting his actual innocence claim, *Clark* "proffered post-conviction affidavits and letters in which eyewitnesses, including one of the two victims, averred that Clark was not a perpetrator of the shooting." *Id*. Nero makes no similar showing. Accordingly, neither Nero's untimely filing of this petition, nor the failure to present any of the claims to the state courts for consideration, is excused. Nero's relief sought is denied and the petition dismissed as untimely.

Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Given Nero's failure to articulate any cause to excuse the untimeliness of this petition, no reasonable court would find dismissal debatable.

A separate order follows.

|    1/22/18    |    /S/    |
|---|---|
| Date | Paula Xinis<br>United States District Judge |